Evans v Acosta (2019 NY Slip Op 00979)





Evans v Acosta


2019 NY Slip Op 00979


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.


8357 22563/13E

[*1]Omar Evans, et al., Plaintiffs-Respondents,
v
Arnulfo J. Acosta, et al., Defendants-Appellants.


Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for appellants.
McMahon & McCarthy, Bronx (Matthew J. McMahon of counsel), for respondents.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered April 24, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff Omar Evans sustained skull fractures and traumatic brain injury after an accident of which he has no personal recollection. One eyewitness testified that she saw plaintiff cross the intersection and fall to the ground in a seizure-like episode. However, another eyewitness testified that he saw plaintiff start to cross the street by walking behind defendants' tractor trailer, as it was going through the intersection, and then fall straight over after being hit in the head by a cherry picker extending from the back corner of the tractor-trailer. Defendant driver denied having hit anybody, and the police investigation found no signs that defendants' vehicle came into contact with a pedestrian. The parties also each submitted expert opinions as to whether plaintiff's injuries could have been caused by defendants' tractor trailer, and whether the cherry picker was properly secured.
The conflicting testimony of the two eyewitnesses concerning how plaintiff came to be lying in the intersection with a severe head injury, as well as the conflicting expert opinions, present triable issues of fact and credibility precluding summary judgment (see Rawls v Simon, 157 AD3d 418 [1st Dept 2018]; Barba v Stewart, 137 AD3d 704, 705 [1st Dept 2016]; Bradley v Soundview Healthcenter, 4 AD3d 194 [1st Dept 2004]). Based on the evidence that plaintiff suffered amnesia as a result of the accident, the
court properly found that plaintiffs' were entitled to application of the Noseworthy doctrine (see e.g. Bah v Binto, 92 AD3d 133, 135 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK